JOHN BALAZS, Bar #157287
Attorney At Law
916 2nd Street, 2nd Floor
Sacramento, California 95814
Telephone: (916) 447-9299
Fax: (916) 447-9299
John@Balazslaw.com

Attorney for Defendant
MUMRAIZ KHAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:09-CR-0138-JAM |
| Plaintiff, | |
| v. | STIPULATION AND ORDER RE: RESENTENCING OF DEFENDANTS AHMAD KHAN AND MUMRAIZ KHAN |
| AHMAD KHAN and MUMRAIZ KHAN, | |
| Defendants. | Hon. John A. Mendez |

In a Memorandum Decision filed July 3, 2012, the Ninth Circuit vacated the sentences of defendants Ahmad Khan and Mumraiz Khan and remanded for resentencing. *U.S. v. Khan*, No. 11-10334 (9th Cir. July 3, 2012). On remand, defendant Ahmad Khan, through his counsel, James Greiner, defendant Mumraiz Khan, through his attorney John Balazs, and the United States, through its counsel, Assistant U.S. Attorney R. Steven Lapham, hereby stipulate and request that the Court resentence Ahmad Khan to 63 months imprisonment and resentence Mumraiz Khan to 57 months imprisonment with all other aspects of their original sentences remaining the same for the following reasons:

1. On September 23, 2010, pursuant to plea agreements, defendants Ahmad Khan and Mumraiz Khan pled guilty to counts 2 and 5 of the Indictment charging them with the unauthorized use of Supplemental Nutrition Assistance Program benefits in

violation of 7 U.S.C. § 2024(b) and conducting a monetary transaction over $10,000 in criminally derived property in violation of 18 U.S.C. § 1957, respectively.  Each plea agreement contained certain sentencing guidelines stipulations, including a stipulation that the base offense level is 6 under U.S.S.G. § 2B1.1(a)(2).  Each plea agreement also permitted the defendant to argue, among other things, against any role enhancement. Thereafter, the presentence report found the parties had incorrectly stipulated to a base offense level of 6, instead of 7, under U.S.S.G. § 2B1.1(a)(1).

    2.    At a sentencing hearing on May 26, 2011, the district court adopted the guideline calculations set forth in the presentence report for both defendants and their guideline levels as follows:

    a.  <u>Ahmad Khan</u>:  a total offense level of 27:  base offense level of 7 under U.S.S.G. § 2B1.1(a); a 16-level increase for a loss of between $1 and 2.5 million under § 2B1.1(b)(1); a 2-level enhancement for abuse of trust under U.S.S.G. § 3B1.3; a 1-level increase because Mumraiz Khan was convicted of violating 18 U.S.C. § 1957; a 2-level aggravating role enhancement under § 3B1.1(c); a 2-level increase for the use of a minor in the offense under § 3B1.4; and a 3-level reduction for timely acceptance of responsibility under § 3E.1.1(a).

With a criminal history category I, Ahmad Khan's resulting guideline range was determined to be 70-87 months.  The Court sentenced Ahmad Khan to the bottom of the sentencing range, or 70 months imprisonment.  The Court also imposed three years supervised release, restitution, and a $200 special assessment.

    b.  <u>Mumraiz Khan</u>:  a total offense level of 25:  base offense level of 7 under U.S.S.G. § 2B1.1(a); a 16-level increase for a loss of between $1 and 2.5 million under § 2B1.1(b)(1); a 1-level increase because Mumraiz Khan was convicted of violating 18 U.S.C. § 1957; a 2-level aggravating role enhancement under § 3B1.1(c); a 2-level increase for the use of a minor in the offense under § 3B1.4; and a 3-level reduction for timely acceptance of responsibility under § 3E.1.1(a).

With a criminal history category II, Mumraiz Khan's resulting guideline range

was determined to be 63-78 months.  The Court sentenced Mumraiz Khan to the bottom of the sentencing range, or 63 months imprisonment.  The Court also imposed three years supervised release, restitution, and a $200 special assessment.

      3.     On appeal, the defendants argued, among other things, that the district court should give the defendants the benefit of the bargain by ordering specific performance of the plea agreement with a base offense level of 6, instead of 7, despite the parties' mistake in stipulating to an incorrect base offense level.  In its Memorandum Decision, the Ninth Circuit agreed that because the government did not recommend the sentence set forth in the plea agreement, the sentences of Ahmad Khan and Mumraiz Khan should be vacated and remanded to a different judge for resentencing.  In doing so, the Court declined to address the defendants' separate sentencing claims.

      4.     On remand, the parties stipulate that both defendants' sentencing guidelines should be recalculated using a base offense level of 6 as agreed to in the defendants' plea agreements with all other guideline adjustments found by the district court remaining the same.

      a.  <u>Ahmad Khan</u>:  With the same criminal history of category I and an offense level of 26 instead of 27, Ahmad Khan's guideline offense level would be 63-78 months.  On remand for resentencing, the parties thus stipulate and request that the Court resentence Mumraiz Khan again to the bottom of the guidelines range, or 63 months imprisonment.  The parties agree that this sentence is sufficient, but not greater than necessary, to satisfy all the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  The parties also agree that all other aspects of Mumraiz Khan's sentence on May 26, 2011, including the 3-year term of supervised release and restitution, shall remain the same.

      b.  <u>Mumraiz Khan</u>:  With the same criminal history of category II and an offense level of 24 instead of 25, Mumraiz Khan's guideline offense level would be 57-63 months.   On remand for resentencing, the parties thus stipulate and request that the Court resentence Mumraiz Khan again to the bottom of the guidelines range, or 57 months imprisonment.  The parties agree that this sentence is sufficient, but not greater than

necessary, to satisfy all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). The parties also agree that all other aspects of Mumraiz Khan's sentence on May 26, 2011, including the 3-year term of supervised release and restitution, shall remain the same.

    5.    As part of this stipulation, if accepted by the Court, defendants Ahmad Khan and Mumraiz Khan agree to give up their rights to appeal and to collaterally attack their sentences under 28 U.S.C. §§ 2255 or 2241 or otherwise.

    6.    Defendant Ahmad Khan is currently incarcerated at FCI Taft, California. According to the Bureau of Prison's website, his expected release date is May 21, 2016. Ahmad Khan has been advised of his right to be present for resentencing. Pursuant to Federal Rule of Criminal Procedure 43(c)(1)(B), Ahmad Khan has executed the attached waiver of his right to be present at any re-sentencing proceeding. He also waives his rights to be present and to allocution at re-sentencing. He also agrees to the stipulated sentence of 63 months imprisonment with all other aspects of the original sentence imposed on May 26, 2011 to remain the same.

///

///

///

 7. Defendant Mumraiz Khan is currently incarcerated at FCI Mendota, California. According to the Bureau of Prison's website, his expected release date is currently February 15, 2016. Mumraiz Khan has been advised of his right to be present for resentencing. Pursuant to Federal Rule of Criminal Procedure 43(c)(1)(B), Mumraiz Khan has executed the attached waiver of his right to be present at any re-sentencing proceeding. He also waives his rights to be present and to allocution at re-sentencing. He also agrees to the stipulated sentence of 57 months imprisonment with all other aspects of the original sentence imposed on May 26, 2011 to remain the same.

Respectfully submitted,

DATED: June 6, 2013

/s/ John Balazs
JOHN BALAZS
Attorney for Defendant
MUMRAIZ KHAN

DATED: June 6, 2013

/s/ James Greiner
JAMES GREINER
Attorney for Defendant
AHMAD KHAN

BENJAMIN B. WAGNER
U.S. Attorney

DATED: June 6, 2013

By:  R. Steven Lapham
R. STEVEN LAPHAM
Assistant U.S. Attorney

Attorney for Plaintiff
United States of America

5

## DEFENDANT AHMAD KHAN'S
## WAIVER OF PRESENCE AT RE-SENTENCING

I, Ahmad Khan, am currently incarcerated at FCI Taft, California. I have been advised of my right to be present for re-sentencing on remand from appeal. I knowingly and voluntarily waive my right to be present and my right to allocution at re-sentencing. I also agree to the stipulation for a 63-month sentence with all other aspects of the original sentence imposed on May 26, 2011 remaining the same.

DATED: June 6, 2013

/s/ Ahmad Khan
AHMAD KHAN
Defendant
[signature authorized by telephone in legal prison call]

I certify that I translated this document from English to Urdu to Ahmad Khan by telephone with his attorney.

DATED: June 6, 2013

/s/ Hardip Judge
HARDIP JUDGE
Interpreter
[original signature on file]

6

# DEFENDANT MUMRAIZ KHAN'S
# WAIVER OF PRESENCE AT RE-SENTENCING

I, Mumraiz Khan, am currently incarcerated at FCI Mendota, California. I have been advised of my right to be present for re-sentencing on remand from appeal. I knowingly and voluntarily waive my right to be present and my right to allocution at re-sentencing. I also agree to the stipulation for a 57-month sentence with all other aspects of the original sentence imposed on May 26, 2011 remaining the same.

DATED: June 6, 2013

/s/ Mumraiz Khan
MUMRAIZ KHAN
Defendant
[signature authorized by telephone in legal prison call]

I certify that I translated this document from English to Urdu to Mumraiz Khan by telephone with his attorney.

DATED: June 6, 2013

/s/ Hardip Judge
HARDIP JUDGE
Interpreter
[original signature on file]

**ORDER**

For the reasons set forth in the attached stipulation of the parties, on remand from appeal, the Court hereby re-sentences defendant Ahmad Khan to 63 months imprisonment and resentences defendant Mumraiz Khan to 57 months imprisonment in *United States v. Mumraiz Khan*, No. 2:09-CR-00138. All other aspects and conditions set forth in their judgments filed on June 21, 2011 (documents 122 and 123) shall remain the same. The clerk is directed to issue amended judgments for both defendants reflecting their new sentences.

Dated: June 10, 2013

/s/ John A. Mendez
Hon. John A. Mendez
U.S. District Court Judge